# Richmond

OSCAR B. WOLFREY V. WARD SWANK, TRUSTEE, ETC.

March 4, 1946.

Record No. 3071.

Present, All the Justices.

The opinion states the case.

*Fred E. Martin*, for the plaintiff in error.

No appearance for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

This appeal brings under review the proceedings culminating in a final order entered by the trial court declaring Oscar B. Wolfrey, appellant, incompetent to manage his financial affairs and declining to order the trustee, Ward Swank, to transfer property in his custody to the beneficiary.

Oscar B. Wolfrey is a bachelor 57 years of age and a veteran of World War I. In 1923 he was transferred from the Southwestern State Hospital at Marion to the Veterans' Administration Facility at Roanoke. On August 29, 1928, he was declared incompetent to manage his financial affairs. Ward Swank, of Harrisonburg, was appointed and is acting now as his trustee. In December, 1939, he was granted a furlough from the Facility, which furlough was extended from time to time until December, 1940, when he was finally discharged. Since his discharge, he has been employed continuously. From February, 1940, to March, 1943, he was employed as a clerk for the Rockingham Marble Company, Harrisonburg, Virginia. He left this job because he wanted to get into war work. From March to May, 1943, he was assistant manager of the Post Exchange at Camp Pickett, Virginia. Since August, 1943, he has been employed at the Army Supply Base in Norfolk, Virginia, earning more than $3,000 per year. He is a bookkeeper and keeps the time record and payroll, which requires accuracy and efficiency.

He not only earns a competent living but saves a substantial part of his salary.

Dr. Frank H. Redwood, of Norfolk, an experienced and eminent specialist in nerve and mental disorders, made a thorough examination of appellant and reached the conclusion that he was fully competent to manage his own financial affairs. This conclusion is sustained by the testimony of appellant and his immediate superior, who had supervised his work for more than two years and found it "exceedingly satisfactory."

The only evidence tending to show that appellant was incompetent is the report of an *ex parte* examination made on September 22, 1944, by the medical officers of the Veterans' Administration at Kecoughtan, Virginia. The objection to the introduction of this report should have been sustained on two grounds: (1) Because appellant had no opportunity to cross-examine the officers who signed the report; and (2) because the vital issue was the mental condition of appellant at the time the proceedings were instituted and not nine months previous thereto.

The report, even if it is admissible, is entitled to little weight. It is unconvincing and contradictory. Its concluding sentence reads: "However, he is being carried as incompetent, in view of the fact that he cannot handle his money properly." Elsewhere in the report it is stated that the "veteran is found to be accessible, in good contact and correctly oriented in all spheres." The report shows that the only basis for stating that appellant was incompetent was because in May, 1944, he paid $1,500 cash for a second-hand automobile and permitted a young lady friend 19 years of age to use it at her pleasure. Buying a second-hand automobile for cash may not be the wisest way in which to spend hard-earned savings, but it is certainly not a conclusive test of incompetency.

Neither the Veterans' Administration nor the trustee interposed any defense to the proceedings either in the trial court or in this court.

█ Appellant for more than 5 years has conclusively demonstrated his ability to take care of himself, earn a competent living and manage his own financial affairs. The order declaring him incompetent is reversed, and the case is remanded with directions for the trial court to enter a proper order requiring the trustee to settle his fiduciary account and to transfer the property, less expenses and costs, to the beneficiary.

*Reversed and remanded.*